**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Judge Kathleen M. Williams
Magistrate Judge Edwin G. Torres**

**CASE NO. 1:18-cv-20333**

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | |
| **Plaintiff,** | |
| **v.** | **PATENT CASE** |
| | **JURY TRIAL DEMANDED** |
| **TECH DATA CORP.,** | |
| **Defendant.** | |

**TECH DATA CORP.'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Tech Data Corp. ("Tech Data" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff" or "Symbology") Complaint ("Complaint"). Tech Data denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.[1]

1.      Tech Data admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that Plaintiff purports to seek damages, attorney's fees, costs, and injunctive relief, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] For avoidance of doubt, Tech Data denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## PARTIES

2.      Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.      Tech Data admits that it is a Florida corporation, and that it has a place of business located at 2200 NW 112th Avenue, Miami, Florida 33172.

## JURISDICTION AND VENUE

4.      Tech Data admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that Plaintiff purports to seek damages, attorney's fees, costs, and injunctive relief, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 4 of the Complaint.

5.      Tech Data admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 5 of the Complaint.

6.      Tech Data admits that it conducts business in the State of Florida and in this judicial district. Tech Data denies it has committed or is committing acts of infringement within the State of Florida or in this judicial district and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

7.     Tech Data denies it has committed or is committing acts of infringement within the State of Florida or in this judicial district and, on that basis, denies the allegations of Paragraph 7 of the Complaint.

8.     Tech Data admits that it has a place of business located in this judicial district. Tech Data denies that it is "deemed to reside" in this judicial district for purposes of 28 U.S.C. § 1400(b). Tech Data denies any remaining allegations in Paragraph 8 of the Complaint.

## BACKGROUND

### '773 Patent

9.     Tech Data admits that the purported copy of U.S. Patent No. 7,992,773 (the "'773 Patent") that is attached to the Complaint as Exhibit A indicates that it issued on August 9, 2011, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." Tech Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10.    Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.    Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12.    Tech Data admits that the purported copy of the '773 Patent that is attached to the Complaint as Exhibit A appears to contain eighteen claims of which three are independent and

fifteen are dependent. Tech Data denies any remaining allegations in Paragraph 12 of the Complaint.

13.      Tech Data admits that the claims of the '773 Patent speak for themselves, but denies any characterizations inconsistent therewith. Tech Data denies any remaining allegations in Paragraph 13 of the Complaint.

'752 Patent

14.      Tech Data admits that the purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") that is attached to the Complaint as Exhibit B indicates that it issued on April 23, 2013, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." Tech Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.      Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.      Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.      Tech Data admits that the purported copy of the '752 Patent that is attached to the Complaint as Exhibit B appears to contain twenty-eight claims of which three are independent and twenty-five are dependent. Tech Data denies any remaining allegations in Paragraph 17 of the Complaint.

18.     Tech Data admits that the claims of the '752 Patent speak for themselves, but denies any characterizations inconsistent therewith. Tech Data denies any remaining allegations in Paragraph 18 of the Complaint.

'369 Patent

19.     Tech Data admits that the purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") that is attached to the Complaint as Exhibit C indicates that it issued on February 18, 2014, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." Tech Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     Tech Data admits that the purported copy of the '369 Patent that is attached to the Complaint as Exhibit C appears to contain twenty-eight claims of which three are independent and twenty-five are dependent. Tech Data denies any remaining allegations in Paragraph 22 of the Complaint.

23.     Tech Data admits that the claims of the '369 Patent speak for themselves, but denies any characterizations inconsistent therewith. Tech Data denies any remaining allegations in Paragraph 23 of the Complaint.

<u>'190 Patent</u>

24.     Tech Data admits that the purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") that is attached to the Complaint as Exhibit D indicates that it issued on January 20 2015, and is entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device." Tech Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and, on that basis, denies all such allegations.

25.     Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26.     Tech Data is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

27.     Tech Data admits that the purported copy of the '190 Patent that is attached to the Complaint as Exhibit D appears to contain twenty claims of which three are independent and seventeen are dependent. Tech Data denies any remaining allegations in Paragraph 27 of the Complaint.

28.     Tech Data admits that the claims of the '190 Patent speak for themselves, but denies any characterizations inconsistent therewith. Tech Data denies any remaining allegations in Paragraph 28 of the Complaint.

## <u>COUNT ONE</u>

### <u>([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,992,773)</u>

29.     Tech Data incorporates by reference each of its responses set forth in Paragraphs 1-28 above as if fully set forth herein.

30.     Tech Data admits that the cause of action asserted in the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 30 of the Complaint.

31.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '773 Patent and, on that basis, denies the allegations in Paragraph 31 of the Complaint.

32.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '773 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend the asserted claims for the '773 Patent during discovery" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Tech Data denies the allegations in Paragraph 33 of the Complaint.

34.     Tech Data admits that a Quick Response (QR) code associated with one of its suppliers has appeared on Tech Data's website. Tech Data denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies any remaining allegations in Paragraph 34 of the Complaint.

35.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies any remaining allegations in Paragraph 35 of the Complaint.

36.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Tech Data denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 38 of the Complaint.

39.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '773 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend [Exhibit E] based on any additional information obtained" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies any remaining allegations in Paragraph 39 of the Complaint and in Exhibit E to the Complaint.

40.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 40 that the '773 Patent "was duly issued." Tech Data denies the remaining allegations in Paragraph 40 of the Complaint.

41.     Tech Data denies the allegations in Paragraph 41 of the Complaint.

42.     Tech Data denies the allegations in Paragraph 42 of the Complaint.

43.     Tech Data denies the allegations in Paragraph 43 of the Complaint.

44.     Tech Data denies the allegations in Paragraph 44 of the Complaint.

45.     Tech Data denies the allegations in Paragraph 45 of the Complaint.

46.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and, on that basis, denies all such allegations.

47.     Tech Data denies the allegations in Paragraph 47 of the Complaint.

## COUNT TWO

### ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,424,752)

48.     Tech Data incorporates by reference each of its responses set forth in Paragraphs 1-47 above as if fully set forth herein.

49.     Tech Data admits that the cause of action asserted in the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 49 of the Complaint.

50.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent and, on that basis, denies the allegations in Paragraph 50 of the Complaint.

51.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend the asserted claims for the '752 Patent during discovery" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Tech Data denies the allegations in Paragraph 52 of the Complaint.

53.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies any remaining allegations in Paragraph 53 of the Complaint.

54.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies any remaining allegations in Paragraph 54 of the Complaint.

55.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 55 of the Complaint.

56.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 56 of the Complaint.

57.     Tech Data denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 57 of the Complaint.

58.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '752 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend [Exhibit F] based on any additional information obtained" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 58 of the Complaint and in Exhibit F to the Complaint.

59.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 59 that the '752 Patent "was duly issued." Tech Data denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Tech Data denies the allegations in Paragraph 60 of the Complaint.

61.     Tech Data denies the allegations in Paragraph 61 of the Complaint.

62.     Tech Data denies the allegations in Paragraph 62 of the Complaint.

63.     Tech Data denies the allegations in Paragraph 63 of the Complaint.

64.     Tech Data denies the allegations in Paragraph 64 of the Complaint.

65.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and, on that basis, denies all such allegations.

66.     Tech Data denies the allegations in Paragraph 66 of the Complaint.

## COUNT THREE

## ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,936,369)

67.     Tech Data incorporates by reference each of its responses set forth in Paragraphs 1-66 above as if fully set forth herein.

68.     Tech Data admits that the cause of action asserted in the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 68 of the Complaint.

69.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent and, on that basis, denies the allegations in Paragraph 69 of the Complaint.

70.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend the asserted claims for the '369 Patent during discovery" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 70 of the Complaint.

71.     Tech Data denies the allegations in Paragraph 71 of the Complaint.

72.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 72 of the Complaint.

73.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 74 of the Complaint.

75.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 75 of the Complaint.

76.     Tech Data denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 76 of the Complaint.

77.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '369 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend [Exhibit G] based on any additional information obtained" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 77 of the Complaint and in Exhibit G to the Complaint.

78.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 78 that the '369 Patent "was duly issued." Tech Data denies the remaining allegations in Paragraph 78 of the Complaint.

79.    Tech Data denies the allegations in Paragraph 79 of the Complaint.

80.    Tech Data denies the allegations in Paragraph 80 of the Complaint.

81.    Tech Data denies the allegations in Paragraph 81 of the Complaint.

82.    Tech Data denies the allegations in Paragraph 82 of the Complaint.

83.    Tech Data denies the allegations in Paragraph 83 of the Complaint.

84.    Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and, on that basis, denies all such allegations.

85.    Tech Data denies the allegations in Paragraph 85 of the Complaint.

### COUNT FOUR

### ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,936,190)

86.    Tech Data incorporates by reference each of its responses set forth in Paragraphs 1-85 above as if fully set forth herein.

87.    Tech Data admits that the cause of action asserted in the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but Tech Data denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Tech Data denies any remaining allegations in Paragraph 87 of the Complaint.

88.    Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent and, on that basis, denies the allegations in Paragraph 88 of the Complaint.

89.    Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend the asserted claims for the '190 Patent during discovery" to the extent it circumvents

the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 89 of the Complaint.

90.     Tech Data denies the allegations in Paragraph 90 of the Complaint.

91.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 91 of the Complaint.

92.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 92 of the Complaint.

93.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 93 of the Complaint.

94.     Tech Data incorporates its admissions, averments, and denials in Paragraph 34 above as if set forth fully herein. Tech Data denies the remaining allegations in Paragraph 94 of the Complaint.

95.     Tech Data denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 95 of the Complaint.

96.     Tech Data denies it has committed or is committing acts of infringement of any valid, enforceable claim of the '190 Patent. Tech Data objects to Plaintiff's reservation of rights "to amend [Exhibit H] based on any additional information obtained" to the extent it circumvents the Federal Rules of Civil Procedure, the local civil rules, or any other order of this Court. Tech Data denies the remaining allegations in Paragraph 96 of the Complaint and in Exhibit H to the Complaint.

97.     Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 97 that the '190 Patent "was duly issued." Tech Data denies the remaining allegations in Paragraph 97 of the Complaint.

98.     Tech Data denies the allegations in Paragraph 98 of the Complaint.

99.     Tech Data denies the allegations in Paragraph 99 of the Complaint.

100.    Tech Data denies the allegations in Paragraph 100 of the Complaint.

101.    Tech Data denies the allegations in Paragraph 101 of the Complaint.

102.    Tech Data denies the allegations in Paragraph 102 of the Complaint.

103.    Tech Data lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and, on that basis, denies all such allegations.

104.    Tech Data denies the allegations in Paragraph 104 of the Complaint.

105.    Tech Data denies any allegations in Paragraph 105 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

106.    Tech Data is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Tech Data denies the Plaintiff is entitled to any relief from Tech Data and denies all the allegations contained in Paragraphs (A)-(I) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Tech Data's Affirmative Defenses are listed below. Tech Data reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Tech Data has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by

inducement)), any valid, enforceable claim of the '752, '369, '190 and/or '773 Patents (collectively, the "Asserted Patents").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the Asserted Patents against Tech Data is barred by the doctrine of inequitable conduct.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Tech Data's actions allegedly infringe the Asserted Patents, Tech Data is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Tech Data indirectly infringes, either by contributory infringement or inducement of infringement, Tech Data is not liable to Plaintiff for the acts alleged to have been performed before Tech Data knew that its actions would cause indirect infringement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the Asserted Patents against Tech Data is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Tech Data.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Tech Data makes, uses, or sells each claimed element of any asserted claim, or that Tech Data directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Tech Data.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by Tech Data: (1) captures a digital image; (2) detects symbology associated with the digital image; (3) decodes the symbology to obtain a decode string; or (4) sends the decode string to a remote server for processing as required by the Asserted Patents.

## TECH DATA'S COUNTERCLAIMS

For its counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiff Tech Data Corp. ("Tech Data") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Tech Data is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located 5350 Tech Data Drive, Clearwater, Florida 33760.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Symbology Innovations, LLC, is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3.      Tech Data incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Symbology has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this district pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

7.      Tech Data incorporates by reference Paragraphs 1–6 above.

8.      Based on Symbology's filing of this action and at least Tech Data's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Tech Data infringes U.S. Patent Nos. 7,992,773 (the "'773 Patent"); 8,424,752 (the "'752 Patent");

8,651,369 (the "'369 Patent"); and/or 8,936,190 (the "'190 Patent) (collectively, the "Asserted Patents").

9.     Tech Data does not infringe (a) Claim 1 or Claim 15 of the '773 Patent because, among other things, it does not "use" or "test" any method or system that includes "one or more visual detection systems [that] are configured to run in the background"; (b) Claim 1 of the '752 Patent, Claim 1 of the '369 Patent, or Claim 1 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that: (i) captures a digital image, (ii) detects symbology associated with the digital image, (iii) decodes the symbology to obtain a decode string, or (iv) sends the decode string to a remote server for processing; (c) Claim 17 of the '752 Patent, Claim 17 of the '369 Patent, or Claim 17 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that includes: (i) logic adapted to capture a digital image, (ii) logic adapted to detect symbology associated with the digital image, (iii) logic adapted to decode the symbology to obtain a decode string, (iv) logic adapted to send the decode string to a remote server for processing, or (v) logic adapted to receive a second amount of information about the object based on the decode string from the remote server; and/or (d) Claim 24 of the '752 Patent, Claim 24 of the '369 Patent, or Claim 20 of the '190 Patent because, among other things, it does not "use" or "test" any method or system that includes: (i) a symbology detecting module configured to detect symbology associated with the digital image, (ii) a decoding module configured to decode the symbology to obtain a decode string, (iii) a transferring module configured to send the decode string to a remote server for processing, and/or (iv) an information storage module configured to receive information about the object from the remote server.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Tech Data requests a declaration by the Court that Tech Data has not infringed and does not infringe

any claim of the Asserted Patents under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.     Tech Data incorporates by reference Paragraphs 1–10 above.

12.     Based on Symbology's filing of this action and at least Tech Data's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

13.     The asserted claims of the Asserted Patents are anticipated and/or rendered obvious by, *inter alia*, BarPoint.com; Neomedia's Neo Reader; Microsoft's Smart Tags; Android's Shop Savvy; Red Laser; ScanBuy; U.S. Serial No. 60/118,051; U.S. Serial No. 60/187,646; U.S. Serial No. 60/185,546; U.S. Patent Application 2008/0004978; U.S. Patent No. 6,430,554; and/or U.S. Patent No. 6,651,053.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Tech Data requests a declaration by the Court claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Tech Data asks this Court to enter judgment in Tech Data's favor and against Symbology by granting the following relief:

a)     a declaration that the Asserted Patents are invalid;

b)     a declaration that Tech Data does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c)      a declaration that the Asserted Patents are unenforceable;

d)      a declaration the Symbology take nothing by its Complaint;

e)      judgment against Symbology and in favor of Tech Data;

f)      dismissal of the Complaint with prejudice;

g)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award

to Tech Data of its costs and attorneys' fees incurred in this action; and

h)      further relief as the Court may deem just and proper.

## JURY DEMAND

Tech Data hereby demands trial by jury on all issues.

Dated:  March 8, 2018                           Respectfully submitted,


By:  */s/ Eleanor T. Barnett*
     Eleanor T. Barnett, Esq. Florida
     Bar No. 0355630
     **WALDMAN BARNETT, P.L.**
     3250 Mary Street, Suite 102
     Coconut Grove, FL 33133 (305)
     371-8809 - Telephone (305)
     448-4155 – Facsimile


**COUNSEL FOR DEFENDANT
TECH DATA CORP.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Eleanor T. Barnett
Eleanor T. Barnett